# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIK ESPARZA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cv-273-SMY |
| | ) |
| WEXFORD HEALTH SOURCE, | ) |
| IDOC, | ) |
| and JOHN DOE DENTIST, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Erik Esparza, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff alleges Defendants were deliberately indifferent to his tooth pain, in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint: Plaintiff had a lower left tooth filled by John Doe Dentist on August 31, 2018. (Doc. 1, pp. 9, 11). After the procedure, Plaintiff

informed John Doe Dentist that he was in pain, but the dentist told Plaintiff that he would be fine. (*Id*. at p. 11). Plaintiff continued to complain of pain but was told to write a grievance. (*Id*.). For four days, Plaintiff suffered from swelling, extreme headaches, and pain. (*Id*.). He was unable to eat or sleep. (*Id*.). He was provided with pain medication, antibiotics, and ice. Plaintiff had his tooth removed after four days because John Doe Dentist improperly drilled and filled the tooth. (*Id*.). Plaintiff's treatment was a result of a Wexford Health Source's policy to save costs and refusal to provide outside care to prisoners.

Based on the allegations in the Complaint, the Court finds it convenient to designate the following single Count in the *pro se* action:

> **Count 1:** **John Doe Dentist and Wexford Health Source were deliberately indifferent in filling Plaintiff's tooth and in treating his pain.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Preliminary Dismissals

Although Plaintiff identifies the Illinois Department of Corrections as a defendant in the case caption, he makes no allegations against that entity. Further, Plaintiff cannot maintain a claim against IDOC for money damages because it is a state governmental agency. *See, Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995)

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

(state Department of Corrections is immune from suit by virtue of Eleventh Amendment). For these reasons, IDOC will be dismissed with prejudice from this action.

## Discussion

Plaintiff has stated a viable claim against John Doe Dentist for deliberate indifference with respect to the treatment of Plaintiff's tooth and the pain Plaintiff experienced after the procedure. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment). Thus, Count 1 will proceed against John Doe Dentist.

As to Plaintiff's claim against Wexford, a corporation can be held liable for deliberate indifference if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff alleges that Wexford maintains a policy and practice of saving costs and not providing outside care, and that these policies prevented him from receiving adequate care for his tooth pain. These allegations are sufficient to state a claim against Wexford.

## Identification of John Doe Dentist

Deanna Brookhart, Warden of Lawrence Correctional Center, will be added to the docket in her official capacity only for the purpose of responding to discovery (informal or formal) aimed at identifying the unknown defendant John Doe Dentist. *See Rodriguez v. Plymouth Ambulance Serv*., 577 F.3d 816, 832 (7th Cir. 2009). Once the name of the unknown defendant is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

**Pending Motions**

In his Motion for Counsel (Doc. 3), Plaintiff indicates that he has written multiple attorneys but has not received any responses. He has not identified any of the attorneys that he has written. Further, given the early stage of the litigation, it is difficult to accurately evaluate the need for assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Therefore, Plaintiff's Motion for Counsel (Doc. 3) is **DENIED** without prejudice. Plaintiff may renew his request for the recruitment of counsel at a later date. Should he renew his request for counsel, the Court directs Plaintiff to (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Plaintiff should also include in his motion a specific statement as to why he believes recruitment of counsel is necessary in his case.

**Disposition**

The Clerk of Court is **DIRECTED** to add Lawrence's Warden, Deanna Brookhart, as a defendant in the Court's Case Management/Electronic Case Filing ("CM/ECF") system. Brookhart will be responsible for responding to discovery aimed at identifying John Doe Dentist.

**IT IS HEREBY ORDERED** that Count 1 shall proceed against John Doe Dentist and Wexford Health Services.

**IT IS ALSO ORDERED** that IDOC is **DISMISSED** from the case **with prejudice**. The Clerk is **DIRECTED** to terminate IDOC from CM/ECF.

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Wexford Health Services and Deanna Brookhart (official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Wexford Health Services is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). As Deanna Brookhart is in the case solely for discovery purposes, she need not respond to the Complaint. Brookhart only needs to enter her appearance. She will receive further instruction on discovery at a later date.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/31/2019**

*/s/ Staci M. Yandle*
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.

Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**