# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIK ESPARZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-CV-00273−SMY |
| ) | |
| WEXFORD HEALTH SOURCES, INC., ) | |
| JOHN DOE, and ) | |
| DEANNA BROOKHART, ) | |
| ) | |
| Defendants. ) | |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

Plaintiff Erik Esparza filed this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Doc. 1). At the time the Complaint was filed, Plaintiff was incarcerated in Lawrence Correctional Center. (*Id.*). Plaintiff was advised that he is under a continuing obligation to keep the Court informed of any change in his address and that failure to comply could result in dismissal of this action for want of prosecution. (Doc. 9). Pursuant to Local Rule 3.1(b), notification to the Court of any address change shall be made in writing no later than seven days after a change in address occurs. Plaintiff notified the Court of a change in address on July 29, 2019. (Doc. 15).

Pursuant to the Initial Scheduling Order entered on August 7, 2019 (Doc. 26), Plaintiff was to identify the John Doe Dentist through a motion to substitute by October 7, 2019. Plaintiff failed to file the motion to substitute or request an extension of the deadline to do so, despite being provided with the Dentist's name by Defendant Brookhart (Doc. 22).

Defendant Wexford filed a motion for summary judgment on October 2, 2019 (Docs. 28, 29, and 30). Plaintiff's response to the motion was due by November 4, 2019 but Plaintiff has not

responded or requested additional time to do so.

On November 13, 2019, the Court issued an Order for Plaintiff to show cause on or before December 4, 2019 why this case should not be dismissed for failure to comply with a court order and to prosecute his claims. (Doc. 31). The Order advised Plaintiff that his failure to respond would result in dismissal of the case pursuant to Federal Rule of Civil Procedure 41(b). (*Id.*). Plaintiff did not respond to the Order and he has not participated in this action since filing his notice of change of address on July 29, 2019. The Court will not allow this matter to linger indefinitely.

Accordingly, this action is **DISMISSED** without prejudice for failure comply with court orders and for failure to prosecute. FED. R. CIV. P. 41(b). The dismissal does not count as a strike within the meaning of 28 U.S.C. § 1915(g). Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be without merit, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule

59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

DATED:  January 17, 2020          *s/ Staci M. Yandle*
                                                 **STACI M. YANDLE**
                                                 **United States District Judge**